# Exhibit 11

# Exhibit 11

Aaron Richard Golub, Esquire, P.C.

Lawyers

24 East 64th Street- Fifth Floor
New York, New York 10065

(212) 838-4811
Facsimile (212) 838-4869

*The Order of July 21, 2023*
*is modified to delete the*
*reference to "Interrogatories*
*13-21" and in its*
*place insert "Interrogatories 3-21."*
*"Interrogatories 3-21."*
*in paragraph*
*No. 2 on p. 3.*

July 21, 2023

**VIA ECF**
The Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

Re:    Brian Donnelly AKA KAWS et al v. Jonathan Anand et al,
       Civil Action No. 1:21-cv-09562 (PKC) (BCM)

Dear Judge Castel:

This office represents Plaintiffs in the above-captioned action. This letter concerns the *The*
Order, dated July 21, 2023 (the "Order") (Dkt. 118), which Plaintiffs respectfully believe *omission of*
contains a typographical error and an inadvertent omission with respect to the portion of the *Interrogatories*
Order concerning Plaintiffs' First Set of Interrogatories. *1, 2, 22 and*
*23*

*The omission of Interrogatories 1, 2, 22 and 23 was intentional.*

***Interrogatories Nos. 3-21***

On page 3 of the Order, in addition to ordering Defendant Jonathan Anand ("Anand"),
inter alia, by August 14, 2023, to "produce all documents responsive to each category of
Plaintiffs' First Request for Documents," the Court ordered Defendant Anand to "fully respond
to ***Interrogatories Nos. 13-21***" (emphasis supplied). Plaintiffs respectfully believe that the Court *SO ORDERED*
intended to write "Interrogatories ***Nos. 3-21***" instead of "Interrogatories ***Nos. 13-21***" (emphasis
supplied). *P. K. Castel*
*U.S.D.J.*
*7-25-23*

Also on page 3 of the Order, the Court holds that 19 of Defendants' 23 Interrogatory
Responses merely state "Not Applicable" in violation of FRCP 33(b)(4), as follows:

> "Anand's Interrogatory Responses fair no better. In the case of 19 of the 23
> Interrogatories, Anand has stated without explanation that the Interrogatory is 'Not
> Applicable.' (***See Response to Interrogatories Nos. 3-21***.) An objection to an
> interrogatory 'must be stated with specificity.' Rule 33(b)(4), Fed. R. Civ. P." (emphasis
> supplied).

Accordingly, it appears that the Court intended to overrule Defendant Anand's Objections to
Plaintiffs' First Set of Interrogatories ***Nos. 3-21 instead of Nos. 13-21*** and order full responses
thereto.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
July 21, 2023

### *Interrogatories Nos. 1, 2, 22 and 23*

The Order discusses Defendant Anand's Responses to Interrogatories Nos. 3-21, but does not reference Defendant Anand's Responses to Interrogatories Nos. 1, 2, 22 and 23.

As argued at length in Plaintiffs' counsel's letter, dated June 27, 2023 (Dkt. 116) (pp. 24-25 and 32-33), Defendant Anand's Responses to Interrogatories Nos. 1, 2, 22 and 23 contain the same flippant, terse responses as those criticized elsewhere in the Order, including: "None" and "Online." Moreover, in response to Plaintiffs' Interrogatories Nos. 1-2—requesting the specific identity of each "whole seller" and "e-commerce website" expressly referenced in Defendant Anand's Second Affirmative Answer—Defendant Anand flagrantly invites Plaintiff to visit ebay.com, amazon.com, alibaba.com, aliexpress.com and dhgate.com and "enter KAWS on search bar." Defendant Anand's Responses are patently deficient.

Accordingly, Plaintiffs respectfully request that the Court rule on Defendant Anand's deficient Responses to Interrogatories Nos. 1, 2, 22 and 23.

Respectfully Submitted,

Russell I. Zwerin
*Counsel for Plaintiffs*

cc:  Law Offices of Sanjay Chaubey (via ECF)

2