IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| BRIAN DONNELLY, *a/k/a* KAWS<br><br>Plaintiff/Creditor,<br><br>v.<br><br>JONATHAN MOHAN ANAND, *individually and d/b/a* HOMELESS PENTHOUSE, PENTHOUSE THEORY, HIDEOUT.NYC, INCOGNITO, *and* YOUNG NEON,<br><br>Defendant/Debtor, | Case No. 4:24-cv-94 |

**OPINION & ORDER**

Before the Court is Plaintiff Brian Donnelly's Motion to Withdraw Reference. ECF No. 1. For the reasons stated herein, the motion is **GRANTED.**

**I.    BACKGROUND**

Plaintiff Brian Donnelly, also known as "KAWS," is an artist and designer who creates KAWS Branded Products. ECF No. 2-2 ¶ 1 n.1. Defendant Jonathan Mohan Anand is a retail reseller who does business under several entities including Homeless Penthouse. *Id.* ¶ 2, 11. On November 18, 2021, the plaintiff brought an action against the defendant in the United States District Court for the Southern District of New York ("New York Action") alleging that the defendant violated federal trademark and copyright laws when he sold and promoted counterfeit KAWS products. Pl.'s Compl. at ¶¶ 76–86, *Donnelly v. Anand*, No. 1:21-cv-9562 (S.D.N.Y. Nov. 18, 2021). The Honorable Peter Kevin Castel warned that the court may enter

default judgment if the defendant failed to provide timely discovery responses. ECF No. 2-12 at 4–5. The plaintiff filed a motion for default judgment, and the defendant filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court") thereafter. ECF No. 2-2 ¶ 3. Judge Castel stayed the New York Action as a result of the defendant's bankruptcy petition. Stay Order, *Donnelly v. Anand*, No. 1:21-cv-9562 (S.D.N.Y. Apr. 2, 2024).

On February 2, 2024, the plaintiff initiated an adversarial proceeding in the Bankruptcy Court seeking a dischargeability determination. ECF No. 2-2. The plaintiff also filed a Motion to Withdraw Reference, seeking both a withdrawal of the reference to the Bankruptcy Court and a transfer to the Southern District of New York. ECF No. 1. The instant motion and bankruptcy record were transmitted to this Court on July 10, 2024. ECF No. 1-1. The defendant did not object to the motion, which was originally filed in the bankruptcy court, and the time to do so has expired. *See* ECF No. 4 ¶¶ 5–7.

## II.  LEGAL STANDARDS

### A.  Motions to Withdraw Reference

While federal district courts retain original and exclusive jurisdiction over all bankruptcy matters, 28 U.S.C. § 1334(a), they refer bankruptcy proceedings to subordinate bankruptcy courts as a matter of course, 28 U.S.C. § 157(a). However, district courts may withdraw the referral of such proceedings in some instances. 28 U.S.C. § 157(d).

Withdrawal of reference to a bankruptcy court is mandatory when "resolution of the proceeding requires consideration of both title 11 and other laws of the United

States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *In re U.S. Airways Grp., Inc.*, 296 B.R. 673, 677 (Bankr. E.D. Va. 2003).

Alternatively, discretionary withdrawal may be permitted for "cause shown," 28 U.S.C. § 157(d), "on a case-by-case basis," *In re U.S. Airways Grp., Inc.*, 296 B.R. at 682. "Cause" is not statutorily defined. 28 U.S.C. § 157(d). However, courts in this circuit have considered the following factors for discretionary withdrawal:

> (1) whether the proceeding is core or non-core,
>
> (2) the uniform administration of bankruptcy proceedings,
>
> (3) expediting the bankruptcy process and promoting judicial economy,
>
> (4) the efficient use of debtors' and creditors' resources,
>
> (5) the reduction of forum shopping, and
>
> (6) the preservation of the right to a jury trial.

*Lagrou v. Monterey Fin. Servs., LLC*, No. 3:18-cv-283, 2018 WL 4903259, at *3 (E.D. Va. Oct. 9, 2018) (quotation marks and citations omitted); *Blackshire v. Litton Loan Servicing, L.P.*, 2009 WL 426130, at *2 (S.D.W.Va. Feb. 13, 2009). No single factor is dispositive. *In re U.S. Airways Grp., Inc.*, 296 B.R. at 682.

### B. Motions to Transfer

28 U.S.C. § 1404(a) permits a district court to transfer "any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of parties and

witnesses, in the interest of justice." When considering whether to transfer venue under § 1404(a), courts within the Fourth Circuit consider four factors:

>  (1) the weight accorded to plaintiff's choice of venue,
>
>  (2) witness convenience and access,
>
>  (3) convenience of the parties, and
>
>  (4) the interest of justice.

*Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (quotations and citations omitted). "As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Id.*

## III. ANALYSIS

### A. Withdrawal is Mandatory.

The Court finds that withdrawal is mandatory. The Complaint requests the Bankruptcy Court to "ent[er] [] an Order finding [the plaintiff's] claim against Anand nondischargeable pursuant to 11 U.S.C. § 523(a)(6)," ECF No. 2-2 at 22, because the defendant acted "willfully and maliciously," 11 U.S.C. § 523(a)(6) (prohibiting discharge of debt arising from "willful and malicious" injury).

While the Complaint lacks some specificity,[1] the plaintiff appears to allege that the defendant acted "willfully and maliciously" when he violated the Lanham Act's

---

[1] The Complaint pleads only one count which requests a dischargeability determination pursuant to 523(a)(6). It does not specifically cite 15 U.S.C. § 1114, though it cites other Lanham Act provisions. ECF No. 2-2 ¶¶ 26, 32. However, the allegations revolve around the defendant's infringement and counterfeiting of the

trademark counterfeiting and infringement provision, 15 U.S.C. § 1114. ECF No. 1 ¶ 77. The plaintiff pleads specific examples of such conduct throughout the Complaint. *See* ECF No. 2-2 ¶¶ 1–81.[2]

Thus, this matter involves two relevant statutes: Section 523 of the Bankruptcy Code and the Lanham Act. The Lanham Act governs trademark law and "regulat[es] . . . activities affecting interstate commerce." 28 U.S.C. § 157(d); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 707 n.5 (4th Cir. 2016) ("Commerce" in Lanham Act context is [] an expansive concept that "necessarily includes all the explicitly identified variants of interstate commerce . . . ."). A determination on dischargeability in this case will require substantial and material consideration of trademark law.

The court must consider whether the debtor's use of KAWS's registered trademark and its selling of counterfeit KAWS branded product amounts to "willful and malicious injury by the debtor . . . ." *Hilgartner v. Yagi*, 643 B.R. 107, 118 (Bankr. E.D. Va. 2022). The Bankruptcy Court will have to evaluate the merits of the Lanham Act claim in order to determine if the defendant's conduct meets § 523(a)(6)'s

---

plaintiff's own products. *See* ECF No. 1 ¶¶ 1, 4, 12, 77-78 (referencing "counterfeit" 52 times throughout the Complaint). Thus, the Court reasonably infers that 15 U.S.C. § 1114 encapsulates the plaintiff's counterfeit and trademark infringement claims.

[2] For example, the plaintiff states that "Anand intentionally, maliciously, willfully and/or recklessly continues to reproduce, copy and prepare derivative works of KAWS' Registered Copyrights and Trademarks and/or advertise, promote, display, manufacture, distribute, offer for sale and sell counterfeit goods infringing on KAWS' Registered Copyrights and Trademarks. Anand's unlawful misconduct constitutes an exceptional case under 15 U.S.C. § 1117(a)." ECF No. 2-2 ¶ 32.

requirements. For example, the court may need to consider whether the plaintiff had a valid and legally protectable trademark, whether the plaintiff owned a mark, and whether the defendant's purported use of the mark likely creates consumer confusion. The Bankruptcy Court must look to trademark law—not the bankruptcy code—to resolve these matters.

Because the injury required for debt to be nondischargeable under § 523(a)(6) turns—at least in part—on the merits of a Lanham Act claim, withdrawal is mandatory pursuant to 28 U.S.C. § 157(d).

### B. Discretionary Factors Also Weigh in Favor of Withdrawing the Bankruptcy Reference.

The Court finds that the relevant discretionary factors articulated in *Lagrou* further counsel that withdrawal is appropriate.

The first factor, the consideration of "core or non-core" proceedings, weighs in favor of withdrawal. *Lagrou,* 2018 WL 4903259, at *3. This matter involves the consideration of trademark law, which is non-core.[3] In such proceedings, absent consent, the bankruptcy judge cannot enter a final judgment. Instead, they must

---

[3] The Court finds that the trademark law considerations are non-core because they do not arise under bankruptcy law, the associated claims first arise from the New York Action (a non-bankruptcy proceeding), and those claims can continue to exist independent of bankruptcy law. *See Hudgins v. Shah (In re Sys. Eng'g & Energy Mgmt. Assocs., Inc.)*, 252 B.R. 635, 642 (Bankr. E.D. Va. 2000) (factors courts may consider in deciding whether claim is "core" or "non-core": (1) whether claim is not specifically identified as "core" matter in the jurisdictional provision; (2) whether claim existed prepetition; (3) whether claim would continue to exist independent of provisions of title 11; and (4) whether parties' rights, obligations, or both are significantly affected as result of debtor's bankruptcy filing).

6

submit *proposed* findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). Thus, the consideration of non-core proceedings weighs in favor of withdrawal.

The second and third factors, "uniform administration of bankruptcy proceedings" and "expediting the bankruptcy process and promoting judicial economy," counsel that withdrawal is more efficient and appropriate. *Lagrou,* 2018 WL 4903259, at *3. Allowing the bankruptcy court to consider core matters promotes the uniform administration of bankruptcy proceedings. However, that becomes difficult when the matter is intertwined with *non-core* matters. Such is the case here. The consideration of non-core matters will not aid the uniform administration of bankruptcy proceedings. Rather, it prolongs the ultimate resolution because the bankruptcy judge is limited to submitting proposed findings of fact and conclusions. The parties will then have 14 days to object to the proposed findings and conclusions. Bankr.R. 9033(b). After the objection period, the district court judge may then enter a final order or judgment after considering the proposed findings and conclusions and reviewing the matters *de novo*. 28 U.S.C. § 157(c). This duplication of efforts further burdens the judicial economy.

Lastly,[4] the Court's interest in "reduc[ing] forum shopping," weighs in favor of withdrawal, because the plaintiff's request is not borne out of a desire to forum shop. *Lagrou,* 2018 WL 4903259, at *3. The plaintiff first alleged that the defendant

---

[4] The parties have not addressed "the efficient use of . . . resources" or the "preservation of the right to a jury trial," so the Court will end its inquiry on the "forum shopping" factor. *Lagrou,* 2018 WL 4903259, at *3.

7

violated various federal trademark laws in the New York Action. The plaintiff only filed this *adversarial* proceeding in the Bankruptcy Court, because the defendant filed for bankruptcy there.

### C. Transfer to the Southern District of New York is Appropriate.

Transfer to the Southern District of New York is appropriate because this matter "might have been brought" there. 28 U.S.C. § 1404(a); *See* Pls. Compl., *Donnelly v. Anand*, No. 1:21-cv-9562, (S.D.N.Y. Nov. 18, 2021) (lodging the same allegations regarding copyright and trademark infringement); 28 U.S.C. § 1334(a) (district courts have original jurisdiction over bankruptcy matters). The balance of the factors the Court must consider further weighs in favor of transfer.

The first factor—the "plaintiff's choice of venue"—substantially weighs in favor of transfer. *Trustees of the Plumbers & Pipefitters Nat. Pension Fund,* 791 F.3d at 444. The second and third factors, "witness convenience and access" and "convenience to the parties," also weigh in favor of transfer. *Id.* The Court does not find that either party will suffer great inconvenience litigating in the Southern District of New York. The defendant has not stated such, and the plaintiff's choice implies that the Southern District of New York is a more convenient venue for him. And neither party avers that the availability of evidence or witnesses will be eviscerated should the Court transfer the matter. Likewise, the "interest of justice," weighs in favor of transfer. *Id.* As discussed above, the New York Action began in the Southern District of New York. There, the plaintiff first lodged its trademark claims against the defendant, submitted evidence, engaged in discovery, and requested a jury trial. The

court litigated that matter for over two years before instituting an automatic stay as a result of the defendant's bankruptcy petition. In light of the court's review of the applicable law, the plaintiff's allegations, discovery in this matter, and the uncontested nature of the request, the Court finds that the requested transfer of venue will further the "interest of justice." 28 U.S.C. § 1404(a).

### IV. CONCLUSION

Plaintiff Brian Donnelly's Motion to Withdraw Reference (ECF No. 1) is **GRANTED.**

This matter shall be **TRANSFERRED** to the United States District Court for the Southern District of New York in the related action, *Donnelly v. Anand*, No. 1:21-cv-9562.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
August 20, 2024