UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN DONNELLY a/k/a KAWS and KAWS
INC.,

                     Plaintiffs/Creditors,

                                                                        24-cv-6320 (PKC)

      -against-                                          ORDER

JONATHAN MOHAN ANAND individually and
d/b/a Homeless Penthouse, Penthouse Theory,
Hideout.NYC, Incognito and Young Neon,

                     Defendant/Debtor.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court held a bench trial in this action on October 9, 2025. Plaintiffs appeared and presented evidence that their Lanham Act and Copyright Act claims in Donnelly et al. v. Anand, 21 Civ. 9562 (PKC) (the "Infringement Action"), are based on the willful and malicious conduct of defendant Jonathan Anand and are therefore nondischargable bankruptcy debt. See 11 U.S.C. § 523(a)(6). Anand did not appear at trial.

        The Court issued Findings of Facts and Conclusions of Law from the bench. It found that after the Infringement Action commenced, Anand continued to offer for sale a variety of products bearing plaintiffs' distinctive KAWS marks and products that infringed upon plaintiffs' copyrighted "BFF" sculpture. The Court found that Anand owned, controlled or managed online storefronts using the names Homeless Penthouse, Penthouse Theory, Hideout.NYC, Incognito and Young Neon. Because Anand continued to offer for sale KAWS-

branded items after receiving unambiguous notice that he was infringing plaintiffs' trademarks and copyrights, and did so with knowledge that he was causing injury to plaintiffs, the Court held that plaintiffs proved by a preponderance of the evidence that their claims in the Infringement Action are based upon Anand's willful and malicious acts of infringement. Accordingly, the Court found that plaintiffs' claims in the Infringement Action are nondischargeable bankruptcy debt pursuant to 11 U.S.C. § 523(a)(6). See October 9, 2025 Transcript.

Alternatively, judgment will be entered in plaintiffs' favor because Anand has failed to "otherwise defend" this action and is therefore in default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a), Fed. R. Civ. P. The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011). "[A] trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun." Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986).

The Court described on the record the notice given to Anand about the October 9, 2025 trial date. See October 9, 2025 Transcript. The Court scheduled the trial for 11 a.m. on October 9, 2025, after Anand made a written application to adjourn a previously-scheduled trial date of September 4, 2025. (ECF 28.) In capitalized, bolded language, the Court advised: **"THE FAILURE OF ANY PARTY TO APPEAR IN PERSON AT THE OCTOBER 9, 2025, 11 A.M. TRIAL WILL RESULT . . . IN THE CASE OF THE DEFENDANT, IN THE ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT."** (ECF 28.) Anand

nevertheless failed to appear at trial and made no communication to the Court after the October 9, 2025 trial date was set. The Court concludes that Anand had notice of the trial date, had a demonstrated ability to communicate to the Court, and had express and unambiguous notice that his failure to appear at trial would result in the entry of default judgment. Accordingly, the entry of default judgment is an appropriate alternative basis to granting plaintiffs' claim for relief in this case.

CONCLUSION.

The claims of Brian Donnelly and KAWS Inc. in <u>Donnelly et al. v. Anand</u>, 21 Civ. 9562 (PKC), are nondischargeable bankruptcy debt pursuant to 11 U.S.C. § 523(a)(6). The Clerk is respectfully directed to enter judgment in plaintiffs' favor in <u>Brian Donnelly a/k/a KAWS and KAWS Inc. v. Anand</u>, 24 Civ. 6320 (PKC), and to close the case.

Plaintiffs are directed to serve a copy of this Order and a copy of the October 9, 2025 trial transcript upon Anand.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 9, 2025